IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, | ) ) ) | |
| TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING AND APPRENTICESHIP TRUST FUND, | ) ) ) ) | |
| and | ) ) | |
| TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 ANNUITY FUND, | ) ) ) ) | CASE NO.  2:26-cv-198 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DIAMOND SWEEPING, INC. a nonregistered foreign entity | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

1.      Plaintiffs are trustees of various multiemployer benefit funds. Defendant Diamond Sweeping, Inc. is an employer obligated to make contributions to the Funds based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of collecting contributions and other amounts due to the Funds.

## JURISDICTION AND VENUE

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for

failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.      Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds of which Plaintiffs are Trustees are administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

## THE PARTIES

4.      Plaintiffs are Trustees and fiduciaries of the Teamsters Union No. 142 Pension Fund ("Pension Fund"), Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund ("Training Fund"), and Teamsters Union Local No. 142 Annuity Fund ("Annuity Fund") (collectively, the "Funds"). Each of the Funds were created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and are administered through Trust Agreements. The Funds are administered by joint Boards of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Funds' Boards of Trustees are the "plan sponsors" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Pension Fund is a multiemployer defined benefit pension plan within the meaning of ERISA §§ 3(2), (35), and (37), 29 U.S.C. §§ 1002(2), (35), and (37). The Annuity Fund is a multiemployer defined contribution plan within the meaning of ERISA §§ 3(2), (34), and (37), 29 U.S.C. §§ 1002(2), (34), and (37). The Training Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1), (37). The Funds are administered in Gary, Indiana.

5.      Defendant Diamond Sweeping, Inc. ("Diamond Sweeping") is an Illinois corporation and a nonregistered foreign entity in Indiana. At all relevant times, Defendant Diamond Sweeping was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5), and was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12). Defendant Diamond Sweeping's principal place of business is located in Chicago, Illinois.

## COMMON FACTS

6.      At all relevant times, Defendant Diamond Sweeping was a party to and agreed to abide by the terms of one or more collective bargaining agreements ("CBA") with the Teamsters Union Local 142. The terms of the CBA require Defendant Diamond Sweeping to make contributions to the Funds of which Plaintiffs are Trustees, along with contributions to other employee benefit funds. A true and accurate copies of the CBA to which Defendant Diamond Sweeping is signatory is attached as Exhibit A.

7.      In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Fund. They also authorize Plaintiffs to adopt and enforce a written collection policy and related policies.

8.      Pursuant to the terms of the CBA, Trust Agreements, and Plaintiffs' collection policies, Defendant Diamond Sweeping is required to submit all monthly reports and contributions by the specified due dates. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 20% of the contribution amount and interest at the rate of 10% per year until paid in full. Defendant Diamond Sweeping is also liable for all

attorney fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

## COUNT I
### (ERISA § 515, 29 U.S.C. § 1145 – Failure to Pay Contributions – Defendant Diamond Sweeping)

9. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

10. Defendant Diamond Sweeping has failed to pay the required contributions due on behalf of its employees to Plaintiffs for the work month of April 2025.

11. Defendant Diamond Sweeping's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant Diamond Sweeping is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT II
### (LMRA § 301, 29 U.S.C. § 185 – Breach of Contract – Defendant Diamond Sweeping) (Failure to Pay Contributions)

12. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

13. Defendant Diamond Sweeping has failed to pay the required contributions to Plaintiffs for the work month of April 2025.

14. Defendant Diamond Sweeping's actions are in violation of the CBA, Trust Agreements, and Plaintiffs' collection policies, and Defendant Diamond Sweeping is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### (ERISA § 515, 29 U.S.C. § 1145 – Failure to Pay Liquidated Damages – Defendant Diamond Sweeping)

15. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

16.    Defendant Diamond Sweeping failed to make timely contribution payments for the work months March 2025 through July 2025, thereby rendering the contributions delinquent. As a result, Defendant Diamond Sweeping is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

17.    Defendant Diamond Sweeping's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant Diamond Sweeping is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

### COUNT IV
### (LMRA § 301, 29 U.S.C. § 185 – Breach of Contract – Defendant Diamond Sweeping) (Failure to Pay Liquidated Damages)

18.    Plaintiffs reallege each averment set forth above as if fully rewritten herein.

19.    Defendant Diamond Sweeping failed to make timely contribution payments for the work months March 2025 through July 2025, thereby rendering the contributions delinquent. As a result, Defendant Diamond Sweeping is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

20.    Defendant's actions are in violation of CBA, Trust Agreements, and Plaintiffs' collection policies, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief:

A.    Judgment in favor of Plaintiffs and against Defendant Diamond Sweeping for unpaid and delinquent contributions owed by Defendant Diamond Sweeping for the period of April 2025;

B.    Judgment on behalf of Plaintiffs and against Defendant Diamond Sweeping for accumulated interest and liquidated damages on the delinquent contributions for the period March

2025 through July 2025, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

      C.      Judgment on behalf of Plaintiffs and against Defendant Diamond Sweeping in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A), in an amount to be determined;

      D.      Judgment on behalf of Plaintiffs and against Defendant Diamond Sweeping for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action, in an amount to be determined;

      E.      An award of attorney's fees and costs against Defendant Diamond Sweeping for the fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, and Plaintiffs' collection policies, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

      F.      An Order retaining jurisdiction over this cause pending compliance with all Orders; and

      G.      Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*